IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOSE CORPORATION,

            Plaintiff,

v.

EFORCITY CORPORATION,

            Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE CASE**

1. This action by Bose Corporation ("Bose") against Eforcity Corporation ("Eforcity") arises from Eforcity's infringement of Bose's patented technology, and Eforcity's misappropriation of the unique and distinctive trade dress embodied by Bose's SoundDock® digital music system ("SoundDock"). In particular, Bose seeks redress for (a) Eforcity's infringement of Bose's U.S. Patent No. 7,277,765, attached hereto as Exhibit 1, in violation of the patents laws of the United States, 35 U.S.C. §§ 101 *et seq.*; and (b) Eforcity's efforts to manufacture, copy, market, distribute, and sell inferior quality products imitating and misappropriating the protected trade dress of Bose's SoundDock system, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), and state statutory and common law.

2. For more than forty years, Bose has designed and sold high quality audio systems. Bose is an innovator in the development of new technologies to enhance the music-listening and playback experience of consumers worldwide, and holds numerous United States Patents related to its ground-breaking, high-performance audio equipment.

Page 1

3. In 2004, Bose introduced the SoundDock, a high quality speaker system and docking cradle designed to work with Apple's iPod line of portable music players. Bose's SoundDock system is known for providing rich and full sound, natural tonal balance and clarity, audio accuracy, and highly consistent sound quality, in a small and easy-to-use system.

4. Bose's SoundDock system has a unique and distinctive overall look, which consumers immediately recognize and associate with authentic, high quality Bose products. The distinctive look of the SoundDock system is characterized by numerous non-functional design elements and markings. All of these non-functional elements combine to create a distinctive look that is associated with Bose and with the high quality audio and ease of use that customers know and expect from Bose products. The distinctive trade dress of the SoundDock (the "SoundDock Trade Dress") is a protectible Bose trademark. Bose's SoundDock Trade Dress is famous throughout, among other markets, the consumer electronics, audio equipment, and MP3-player accessory markets.

5. Under the name "Insten," Eforcity manufactures, distributes, advertises, and/or sells cheaper, lower-quality speaker systems called the "iPod Docking Digital Music System," which imitate and misappropriate Bose's SoundDock Trade Dress ("Knock-Off Systems") and infringe Bose's patented technology. As illustrated in the comparative photographs below, the Knock-Off Systems directly copy the unique and distinctive non-functional aspects of the SoundDock Trade Dress and therefore look strikingly similar to the authentic Bose SoundDock system:



| Bose SoundDock Trade Dress (with iPod) | Eforcity Knock-Off System (with iPod) |



| Bose SoundDock Trade Dress | Eforcity Knock-Off System |

6. On information and belief, Eforcity's Knock-Off Systems were intentionally designed to copy the SoundDock Trade Dress in order to unfairly benefit from the goodwill and reputation for high quality associated with the SoundDock Trade Dress that Bose has developed.

7. Further, Eforcity's iPod Docking Digital Music System with remote control infringes Bose's U.S. Patent No. 7,277,765 (the "'765 Patent"), titled "Interactive Sound Reproducing," which was issued on October 2, 2007 and assigned to Bose.

8. Bose seeks injunctive relief and damages to prevent and remedy Eforcity's infringement of the '765 Patent, and to further prevent Eforcity from deceiving and confusing consumers and from destroying the goodwill and reputation for quality developed over many years by Bose in its SoundDock Trade Dress.

## PARTIES

9.      The plaintiff, Bose, is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Framingham, Massachusetts. Bose is one of the largest and best-known audio technology developers and product manufacturers in the world. Bose is known for home speakers and systems, the Wave® music system products, premium automotive sound systems, Acoustic Noise Cancelling® headphones, and sound for public places.

10.     The defendant, Eforcity, is a corporation organized and existing under the laws of the state of California, with its principal place of business in El Monte, California. Under the name Insten, Eforcity advertises, offers for sale, and sells electronic devices, including speaker systems, to consumers in the United States. Eforcity maintains a website to market and sell its products (www.eforcity.com). Through retailers and through its website, Eforcity sells Knock-Off Systems to customers in Massachusetts, including the iPod Docking Digital Music System shown in Exhibit 2.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over Bose's claims because they arise under the United States Patent Laws, 35 U.S.C. §§ 101 *et seq*, and the Lanham Act, 15 U.S.C. § 1051 *et seq*. Federal subject matter jurisdiction is conferred by 28 U.S.C., §§ 1338(a) (Federal Patent Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(b) (unfair competition), and 15 U.S.C. § 1121 (Lanham Act). Subject matter jurisdiction exists over Bose's state law claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

12.     This Court has personal jurisdiction over Eforcity under Massachusetts G. L. c. 223A, §3(a), (b), and (c) because Eforcity transacts business, and sells and has sold Knock-Off Systems within the Commonwealth of Massachusetts, which actions have caused tortious injury

to Bose. This Court also has personal jurisdiction over Eforcity under Massachusetts G. L. c. 223A, § 3(d) because Eforcity has caused tortious injury to Bose within the Commonwealth of Massachusetts, and because Eforcity regularly solicits business within the Commonwealth of Massachusetts.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), because Eforcity is a corporation doing business in and subject to personal jurisdiction in this district, and because it distributes and/or sells Knock-Off Systems within this district.

## THE BOSE '765 PATENT

14. The '765 Patent, titled "Interactive Sound Reproducing," was duly and legally issued on October 2, 2007, to Paul E. Beckmann, Santiago Carvajal, and Christopher H. Perry. Bose is the owner by assignment of all rights, title and interest in and to the '765 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '765 Patent is attached hereto as Exhibit 1.

## BOSE'S SOUNDDOCK TRADE DRESS

15. For more than forty years, Bose has developed, manufactured, marketed, and sold high-quality speaker systems and audio equipment.

16. Since 2004, Bose has continuously and extensively advertised, promoted, and sold its SoundDock digital music system, a high quality combination speaker system and docking cradle designed to work with Apple's iPod line of portable music players. Bose's SoundDock digital music systems have, since 2004, incorporated the unique and distinctive SoundDock Trade Dress. Bose's SoundDock system is famous worldwide for providing, among other things, rich and full sound, natural tonal balance and clarity, audio accuracy, highly consistent sound quality, and ease of use.

17. Because of their high quality and ease of use, Bose's SoundDock digital music systems have enjoyed tremendous success in the United States market. Since its introduction, more than 1.3 million SoundDock systems have been sold. SoundDock systems are sold by stores and distributors throughout the United States and the world, both online and through conventional retailers, including, for example, Bose's Showcase Stores and Factory Stores, The Apple Store, Amazon.com, Best Buy, Circuit City, and Target.

18. The distinctive look of the SoundDock Trade Dress is characterized by numerous non-functional design elements and markings, including in particular the outwardly curved rectangular speaker grille; the metallic appearance of the perforated speaker grille; the covering of essentially the entire front of the system by the rectangular speaker grille; and the curved holder positioned at the bottom center of the front of the system, so that an iPod or other portable music player positioned in the holder will extend upward, covering a portion of the speaker grille. Photographic examples depicting aspects of the SoundDock Trade Dress are attached as Exhibit 2.

19. Bose products bearing the SoundDock Trade Dress are well-known for, among other things, their high quality and ease of use, including rich and full sound, natural tonal balance and clarity, audio accuracy, and highly consistent sound quality. Products exhibiting the SoundDock Trade Dress are associated with these sought-after performance characteristics.

20. As a result of the continuous and exclusive use of the unique and distinctive SoundDock Trade Dress by Bose since 2004, Bose's extensive promotion of the Bose SoundDock digital music system incorporating the SoundDock Trade Dress, and the success that the SoundDock digital music system has achieved in the marketplace, the SoundDock Trade Dress has become associated with Bose. Bose's SoundDock Trade Dress has acquired enormous

value as an identifier of high-quality Bose digital music systems and has earned substantial consumer goodwill.

21.     Bose's high quality SoundDock digital music system has received accolades from the market place. For example, in a review by technology review website CNET updated August 9, 2006, the SoundDock was praised for its "big sound," "surprisingly live" performance, "richly balanced bass," "stamina," and "deeper bass and clearer treble" than competing systems. In addition, the SoundDock was described as "well suited for use in an office, a bedroom, or a small living room--especially for those for whom the Bose name is worth paying a premium." (*See* Exhibit 3.)

22.     By virtue of the unique and distinctive SoundDock Trade Dress and its prominence in the United States market since 2004, customers of consumer electronics, audio equipment, and MP3 player accessories throughout the United States readily recognize, identify, and distinguish Bose's SoundDock digital music system from digital music systems, speaker systems, and docking stations produced by other manufacturers. Bose's SoundDock Trade Dress has acquired secondary meaning, and as a result, customers immediately associate the distinctive shape and appearance of the SoundDock with Bose and high-quality Bose products.

23.     The features that comprise Bose's distinctive SoundDock Trade Dress are non-functional, as evidenced by the existence of many other commercially available speaker systems and docking stations that compete with Bose's Sound Dock, but differ in appearance from the unique and valuable SoundDock Trade Dress. For example, Bose's competitors including Apple (the iPod Hi-Fi), Tivoli (the iSongBook) and JBL (the On Stage II) manufacture and sell competitive digital music systems that substantially differ in appearance from Bose's distinctive SoundDock Trade Dress.

24. By contrast, companies unwilling to compete fairly with Bose's SoundDock and unwilling to make an investment in their own design efforts have sold systems copying the SoundDock Trade Dress in an effort to misappropriate the goodwill and reputation for high quality associated with Bose's SoundDock digital music system. Bose has consistently enforced its rights and secured representations from companies selling infringing systems that they will cease manufacturing, having manufactured, importing, selling, offering for sale, advertising, or promoting those infringing systems. For example, in September 2007, Excalibur Corporation acknowledged that Bose is the owner of the SoundDock Trade Dress, that such Trade Dress is a distinctive indicator that Bose is the source of the SoundDock, and that the Trade Dress is valid, non-functional, and legally enforceable. Excalibur further agreed not to make, sell, offer for sale, or import any products that utilize the SoundDock trade dress, or products having a substantially identical appearance.

## EFORCITY'S KNOCK-OFF SYSTEMS

25. Eforcity markets, advertises, distributes, offers for sale, and/or sells in the United States Knock-Off Systems, including but not limited to the iPod Docking Digital Music System, which imitates and misappropriates Bose's SoundDock Trade Dress.

26. Eforcity's Knock-Off Systems directly copy the unique and distinctive non-functional aspects of the SoundDock Trade Dress and are therefore virtually identical in appearance to authentic Bose SoundDock digital music systems.

27. On information and belief, Eforcity markets, advertises, distributes, offers for sale, and/or sells Knock-Off Systems in a deliberate attempt to capitalize on Bose's well-known SoundDock Trade Dress.

**28.** Because Eforcity's Knock-Off systems use Bose's SoundDock Trade Dress, consumers are deceived into thinking that they are purchasing a Bose product or a product that is

authorized by Bose, when, in fact, they are purchasing a Knock-Off System disguised as a Bose SoundDock digital music system.

29. In an attempt to protect its business and reputation associated with its SoundDock Trade Dress, in November, 2007, Bose informed Eforcity that its sales of Knock-Off Systems violated, among other things, Bose's protected Trade Dress rights. Bose indicated that it hoped an amicable resolution could be achieved, but received no response from Eforcity, nor has Eforcity responded to subsequent letters dated January 2, 2008 and January 24, 2008.

30. Eforcity's promotion and sale of the infringing Knock-Off Systems have irreparably harmed Bose, and have tarnished the goodwill and reputation for high quality associated with Bose's SoundDock Trade Dress. Further, Bose has suffered the loss of its lawful right to the exclusive use of its patented technology.

## COUNT I
### (Infringement of U.S. Patent No. 7,277,765)

31. Bose incorporates the allegations contained in the preceding paragraphs as though fully set forth here.

32. On October 2, 2007, the United States Patent and Trademark Office duly and legally issued the '765 Patent, entitled "Interactive Sound Reproducing." Bose is the owner by assignment of the entire right, title, and interest of the '765 Patent.

33. Upon information and belief, Eforcity has infringed and still is infringing, contributorily infringing, or inducing infringement of at least claims 1 and 37 of the '765 Patent, pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (g), in the District of Massachusetts and elsewhere, by its activities including making, using, offering to sell, importing, or selling the product marketed as the Insten iPod Docking Digital Music System.

34. Eforcity's infringing activities have caused and will continue to cause Bose irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

35. Upon information and belief, Eforcity has willfully infringed the '765 Patent, entitling Bose to damages and treble damages pursuant to 35 U.S.C. § 284.

## COUNT II
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

36. Bose incorporates the allegations contained in the preceding paragraphs as though fully set forth here.

37. Bose's SoundDock Trade Dress is non-functional and has acquired secondary meaning among the relevant purchasing public.

38. Eforcity markets, offers for sale, and sells Knock-Off Systems in United States commerce.

39. As a result of Eforcity's conduct, consumers are confused, and will likely continue to be confused, mistaken, or deceived as to the affiliation, connection, and/or association of Eforcity's Knock-Off Systems with Bose, and/or as to the origin, sponsorship, or approval of the Knock-Off Systems, and/or as to the nature, characteristics, or qualities of the Knock-Off Systems.

40. Eforcity's conduct, including the conduct described above, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

41. On information and belief, Eforcity's unlawful conduct, including the conduct described above, was deliberate, knowing, and in willful disregard of Bose's property rights.

42. Because of Eforcity's conduct, Bose has suffered, and unless Eforcity's conduct is enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT III
**(Trade Dress Dilution, 15 U.S.C. § 1125(c))**

43. Bose incorporates the allegations contained in the preceding paragraphs as though fully set forth here.

44. Bose's SoundDock Trade Dress is a unique, distinctive, and famous mark under 15 U.S.C. § 1125(c)(1).

45. Bose's SoundDock Trade Dress is non-functional.

46. After Bose's SoundDock Trade Dress became a famous mark, Eforcity began to market, distribute, offer for sale, and sell Knock-Off Systems in United States commerce.

47. Eforcity's conduct has lessened and is likely to continue to lessen the capacity of Bose's famous SoundDock Trade Dress to identify and distinguish Bose's goods and services.

48. Eforcity's conduct has caused and continues to cause actual dilution of the distinctive quality of Bose's famous SoundDock Trade Dress.

49. Eforcity's conduct, including the conduct described above, constitutes unfair competition in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

50. On information and belief, Eforcity's unlawful conduct, including the conduct described above, was deliberate, knowing, and in willful disregard of Bose's property rights.

51. Because of Eforcity's conduct, Bose has suffered, and unless Eforcity's conduct is enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT IV
### (Trade Dress Infringement - Massachusetts Common Law)

52. Bose incorporates the allegations contained in the preceding paragraphs as though fully set forth here.

53. Eforcity markets, offers for sale, and sells Knock-Off Systems in Massachusetts.

54. Eforcity's conduct has caused and is likely to continue to cause confusion or mistake among the trade and the public as to the affiliation, connection, or association of Eforcity's Knock-Off Systems with Bose, and/or as to the origin, sponsorship, or approval of the Knock-Off Systems by Bose.

55. Eforcity's conduct constitutes misappropriation and misuse of Bose's well-known SoundDock Trade Dress, false advertising, and unjust enrichment, in violation of Bose's rights under the common law of unfair competition of the Commonwealth of Massachusetts.

56. Because of Eforcity's conduct, Bose has suffered, and unless Eforcity's conduct is enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT V
### (Injury to Business Reputation and Dilution Under Mass. G. L. c. 110B)

57. Bose incorporates the allegations contained in the preceding as though fully set forth here.

58. Bose's SoundDock Trade Dress is a unique, distinctive, and famous mark.

59. Bose's SoundDock Trade Dress is non-functional.

60. After Bose's SoundDock Trade Dress became a famous mark, Eforcity began to market, distribute, offer for sale, and sell Knock-Off Systems in Massachusetts.

61. Eforcity's conduct has lessened and is likely to continue to lessen the capacity of Bose's famous SoundDock Trade Dress to identify and distinguish Bose's goods and services.

62. Eforcity's conduct has injured and is likely to continue to injure the business reputation of Bose and to dilute the distinctiveness of Bose's famous SoundDock Trade Dress, in violation of Massachusetts General Laws, Chapter 110B, § 12 *et seq.*

63. Because of Eforcity's conduct, Bose has suffered, and unless Eforcity's conduct is enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Bose respectfully requests that this Court:

1. Enter judgment in favor of Bose on each of its claims;

2. Enter judgment that Eforcity has infringed one or more claims of the '765 Patent;

3. Preliminarily and permanently enjoin Eforcity and the predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Eforcity, or on its behalf, from: (a) further infringing Bose's '765 Patent; (b) further infringing Bose's SoundDock Trade Dress; (c) using any other trade dress that is a colorable imitation of Bose's SoundDock Trade Dress, or is likely to be confused with Bose's SoundDock Trade Dress; (d) using any trade dress in any manner so as to cause the dilution of the distinctive quality of Bose's SoundDock Trade Dress; and (e) engaging in further unfair competition and unfair or deceptive acts or practices;

4. Award Bose its actual damages to compensate Bose for Eforcity's patent infringement and trade dress misappropriation, in an amount to be determined at trial, and including both pre- and post-judgment interest;

5.  Award Bose as damages Eforcity's profits from its sale of Knock-Off Systems;

6.  Award Bose treble its actual damages under 15 U.S.C. § 1117 and 35 U.S.C. § 284, as a result of Eforcity's knowing and willful misconduct;

7.  Award Bose all of its actual costs and reasonable attorneys' fees in this action as authorized by 15 U.S.C. § 1117 and 15 U.S.C. § 284, and by the applicable laws of the Commonwealth of Massachusetts;

8.  Grant to Bose such other relief as may be just and warranted under the circumstances.

## JURY TRIAL DEMAND

Bose demands a trial by jury on all issues so triable.

Dated: February 29, 2008

/s/ *[signature]*

Mark G. Matuschak (BBO #543873)
Donald R. Steinberg (BBO #553699)
Benjamin M. Stern (BBO # 172940)
Carrie H. Seares (BBO #667752)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
**BOSE CORPORATION**